IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50101
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR PACILLAS-SANTA CRUZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(EP-96-CR-711-DB)
- - - - - - - - - -
September 9, 1997

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Cesar Pacillas-Santa Cruz appeals the sentence he received for illegal reentry, arguing that the district court erred by increasing his offense level by 16 levels under U.S.S.G. § 2L1.2(b)(2) because his prior felony was not "aggravated" as defined by the Sentencing Guidelines. After Pacillas filed his appeal, we decided *United States v. Reyna-Espinosa*, __ F.3d __ (5th Cir. July 11, 1997, No. 96-40499), 1997 WL 385972, in which the

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

determinative issue was raised and in which the Appellant prevailed. In *Reyna-Espinosa*, we held that courts "must look to the felonies expressly enumerated in the Commentary for the definition of aggravated felony under U.S.S.G. § 2L1.2." *Id*. at *4. As the sentencing judge relied on 8 U.S.C. § 1101(a)(43) -- rather than § 2L1.2(b)(2), comment. (n.7) -- for the definition of "aggravated felony," Pacillas's sentence is VACATED and the case is REMANDED to the district court for resentencing in the light of *Reyna-Espinosa*.

VACATED AND REMANDED.